IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| TAAHIRA WATSON, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Case No.: 2:24-cv-10387-SDK-EAS |
| v. | Hon.: Shalina D. Kumar |
| SUPER C GROUP, LLC d/b/a ALLINE SALON GROUP, a Michigan limited liability company, | |
| Defendants. | |

**STIPULATED ORDER APPROVING FLSA SETTLEMENT**

This matter is before the Court on the Parties' submission of a proposed settlement reached by the Parties and memorialized in the Settlement Agreement and Release ("Settlement" or "Agreement"), attached hereto as **Exhibit 1**.

1.  Having reviewed the Parties' Agreement, and the pleadings and papers on file in this action, and for good cause established therein, the Court enters this Order approving the Settlement, including the attorneys' fees and expense reimbursements to Plaintiffs' Counsel, as a fair and reasonable resolution of this lawsuit.

2.  The above-captioned action asserts unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, on behalf of non-exempt

employees of Defendant Super C Group, LLC d/b/a Alline Salon Group (hereinafter, "Defendant").

3. On February 15, 2024, representative Plaintiff Taahira Watson ("Plaintiff") filed this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Plaintiff initiated this action on behalf of herself and all other persons similarly situated, seeking damages for alleged violations of the FLSA (hereinafter referred to as the "Lawsuit"). *See* ECF No. 1. In general, Plaintiff claims that Defendants failed to properly calculate their employees' overtime rates under the FLSA. Defendant denies the claims brought by Plaintiff.

4. After engaging in informal discovery, including the production of payroll records for certain of Defendant's hourly employees, the Parties engaged in settlement discussions.

5. The Parties mutually and voluntarily agreed to a settlement of the Lawsuit.

6. The Settlement will cover Plaintiff.

7. The Agreement provides that, in consideration of the Gross Settlement Amount, the claims of Plaintiff will be dismissed with prejudice and the collective action claims will be dismissed without prejudice

8. "The circuits are split on whether the settlement of FLSA claims requires Court approval." *Reed v. M3K, LLC*, 2023 WL 8440262, at *1 (E.D. Tenn.

2

Dec. 5, 2023) (*comparing, e.g., Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 256 (5th Cir. 2012) (no Court approval required), *with Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (requiring Court approval) *and Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) (same); *see also Barbee v. Big River Steel, LLC*, 927 F.3d 1024 (8th Cir. 2019) (no Court approval of attorneys' fees required).

9. A growing number of district courts in other circuits have recently analyzed with more scrutiny whether court-approval of FLSA settlements is required, and many have concluded that approval is not required. *See e.g.*, *Corbett v. Pub. Employees' Ret. Sys.*, 2024 WL 518895 (D. Nev. Feb. 9, 2024) ("Rule 41(a)(1)(A) and FLSA's text do not require judicial approval of individual FLSA settlements, and in doing so, it joins the growing number of courts which hold the same."); *Walker v. Marathon Petroleum Corp.*, 2023 WL 4837018 (W.D. Pa. July 28, 2023) (judicial approval is not required for settlement of a bona-fide wage dispute under the FLSA, for either a single plaintiff agreement or a collective action agreement); *Evans v. Centurion Managed Care of Arizona LLC*, 2023 WL 5095201 (D. Ariz. Aug. 9, 2023); *Regalado v. Albuquerque Mail Serv., Inc.*, 2023 WL 3649001 (D. N.M. May 25, 2023); *Alcantara v. Duran Landscaping, Inc.*, 2022 WL 2703610, at *1 (E.D. Pa. July 12, 2022).

10. The Sixth Circuit has not decided the issue. Some district courts in this Circuit recently reached the same persuasive conclusion that Court approval is not

required. *See Askew v. Inter-Continental Hotels Corp.*, 5:19-cv-24, 2022 WL 3161927 (W.D. Ky. Aug. 8, 2022) (no Court approval required); *see also Reed v. M3K, LLC*, 2023 WL 8440262 (E.D. Tenn. Dec. 5, 2023) (same); *Gilstrap v. Sushinati LLC,* No. 1:22-cv-434, --- F. Supp. 3d ---, 2024 WL 2197824, at *1 (S.D. Ohio May 15, 2024) (same); *Barrios v. Kamps, Inc.*, Case No. 1:23-cv-00584 (W.D. Mich. Sept. 2, 2024) ("the Court does not have any obligation or authority to approve the parties' settlement agreement."). But other courts in this Circuit, including this Court, have historically found it appropriate to review FLSA settlements for approval at the Parties' request. *See, e.g., Ross v. Subcontracting Concepts, LLC*, 2022 WL 6736276 (E.D. Mich. Oct. 11, 2022). Until the Sixth Circuit addresses the issue, out of an abundance of caution, the Court has reviewed the Parties' Settlement.

11. The Court finds that the proposed Settlement is fair and reasonable and satisfies the standard for approval under § 16(b) of the FLSA, 29 U.S.C. § 216(b). The Court finds that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation. Plaintiff's Counsel has informed the Court that they believe the Settlement is fair, reasonable, and adequate, and in the best interests of Plaintiff. The Court has considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the Parties' counsel's experience and views.

4

12. The Court approves the settlement documents attached to the Agreement, and orders that the Settlement be implemented according to the terms and conditions of the Agreement and as directed herein. The Court grants approval of the Settlement as to the Plaintiff.

13. The Court approves the payment of attorneys' fees and expense reimbursement to Plaintiffs' Counsel as provided in the Agreement, and orders that such payments be distributed in the manner, and subject to the terms and conditions, set forth in the Agreement.

14. The Court approves the dismissal of the collective actions claims without prejudice.

15. The Court retains jurisdiction over the action to enforce the Settlement.

16. The Lawsuit is dismissed with prejudice as to Plaintiff and without prejudice as to all others similarly situated.

**SO ORDERED.**


Date: August 22, 2025        s/Shalina D. Kumar
                                         Honorable Shalina D. Kumar
                                         United States District Court Judge

APPROVED AS TO FORM AND CONTENT:

| | |
|---|---|
| */s/ Jesse L. Young* <br> Jesse L. Young (P72614) <br> SOMMERS SCHWARTZ, P.C. <br> 141 East Michigan Avenue, Suite 600 <br> Kalamazoo, MI 49007 <br> Phone: 269.250.7500 <br> Fax: 269.250.7503 <br> jyoung@sommerspc.com <br><br> *Attorneys for Plaintiff* | */s/Felicia S. O'Connor* <br> Felicia S. O'Connor (P76801) <br> FOLEY & LARDNER LLP <br> 500 Woodward Ave. Suite 2700 <br> Detroit, MI 48009 <br> Phone: 313.234.7172 <br> Fax: 313.234.2800 <br> foconnor@foley.com <br><br> *Attorneys for Defendants* |

Dated:  August 22, 2025